IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC <br><br> Plaintiff, <br><br> vs. <br><br> STARZ ENTERTAINMENT LLC <br><br> Defendant. | § <br> § <br> § <br> § Case No: <br> § <br> § <br> § PATENT CASE <br> § <br> § <br> § <br> § <br> § <br> § |

# COMPLAINT

Plaintiff Rothschild Broadcast Distribution Systems, LLC ("Plaintiff" or "RBDS") files this Original Complaint against Starz Entertainment LLC ("Defendant" or "Starz") for infringement of United States Patent No. 8,856,221 (hereinafter "the '221 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

4. On information and belief, Defendant is a U.S. company having a place of business at 8900 Liberty Cir., Englewood, CO 80112.

5. On information and belief, this Court has personal jurisdiction over Defendant

because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district.  In addition, and in the alternative, Defendant has committed acts of infringement in this District.

## COUNT I
### (INFRINGEMENT OF UNITED STATES PATENT NO 8,856,221)

8. Plaintiff incorporates paragraphs 1-7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

10. Plaintiff is the owner by assignment of the '221 Patent with sole rights to enforce the '221 Patent and sue infringers.

11. A copy of the '221 Patent, titled "System and Method for Storing Broadcast Content in a Cloud-based Computing Environment," is attached hereto as Exhibit A.

12. The '221 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '221 Patent by making, using, importing, selling, and/or offering for media content storage and delivery systems and services covered by

one or more claims of the '221 Patent.

14. On information and belief, Defendant sells, offers to sell, and/or uses media content storage and delivery systems and services, including, without limitation, the STARZ system and service ("Product"), which is available as an app, and any other similar products and services, which infringe at least Claim 1 of the '221 Patent.  The Product allows a user to record courses via an offline download function and allows for streaming courses using an online play function.

15. On information and belief, the Product necessarily includes at least one server for hosting and storing media content for customers.

16. On information and belief, the at least one server necessarily includes a receiver to receive request messages from customers.  On information and belief, customers may send messages to the server (e.g., via the Internet or otherwise).

17. On information and belief, a message received from a customer includes media data indicating the media content that the customer wishes to view.  Customers send their media storage and delivery selections to Defendant's system and the transmission of those messages is accomplished over the Internet.  On information and belief, the media data received by Defendant's server(s) also includes a consumer device identifier.  Also, on information and belief, access to certain content is based upon a customer's subscription, and thus a customer's device must be associated with a customer in order for the device's access to content to be dictated by a customer's subscription status.  The Product accomplishes the forgoing through the use of a customer subscription interface which allows a user to enter customer identification information.

18. On information and belief, the Product necessarily includes a processor to

determine whether the customer's device is registered.  Again, by way of example, the Product restricts certain content types to particular user devices.  Defendant's system has to be able to determine whether the device in question is a registered device.

19. The Product provides for both media downloads and media streaming.  On information and belief, a processor within Defendant's system necessarily determines whether the request received from a customer is a request for storage (e.g., recording or storing content) or content (e.g., streaming of media content).

20. On information and belief, the Product must verify that media content identified in the media data of the storage request message (e.g., request to record content) is available for storage in order to prevent data errors that would result from attempting to store content that is not available for storage.  Advertising shows that a user may program offline downloads on particular days, and at a particular time.  On information and belief, the Product necessarily verifies that the show designated by the user is in fact being broadcasted at the user defined time and date, and can cancel the recording action if the particular show is in fact not being broadcasted at the designated time and date. Therefore, on information and belief, a processor must determine whether requested content within a storage request is, in fact, available for storage (e.g., on the particular device associated with the request).

21. If a customer requests content (e.g., streaming of media content), then, on information and belief, a processor within the Product necessarily initiates delivery of the content to the customer's device.

22. The Product provides both streaming content and download content.  In either case, for at least certain media content delivery, Defendants' system provides for a certain time period that the delivered content, or content ready for delivery, may be accessed and stored.

After the applicable time, the content is no longer available. Therefore, on information and belief, the media data within a request message necessarily includes data indicating a length of time for accessing and storing requested content.

23. On information and belief, the server must determine whether the requested media content is available prior to initiating delivery in order to prevent data errors that would result from attempting to transmit media content that is not available. Furthermore, the processor determines whether the requested media content is available and whether there are restrictions associated with the requested media content (e.g. for offline mode recordings, the recording may be restricted if the designated content is not available at a designated time or the restricted on the number of workouts that can be downloaded via the offline mode, whereas for streamed content, some content can only be streamed upon payment).

24  Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

25. Defendant's actions complained of herein is causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

26. Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice

of the order from further infringement of United States Patent No. 8,856,221 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

  (c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

  (d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

  (e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: November 11, 2016			Respectfully submitted,


			*/s/ Jay Johnson*
			**JAY JOHNSON**
			State Bar No. 24067322
			**D. BRADLEY KIZZIA**
			State Bar No. 11547550
			**KIZZIA JOHNSON, PLLC**
			1910 Pacific Ave., Suite 13000
			Dallas, Texas 75201
			(214) 451- 0164
			Fax: (214) 451- 0165
			jay@kpllc.com
			bkizzia@kpllc.com

			**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A